UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> CHRISTOPHER LEIGH, <br><br> Defendants. | No.  09-cr-00175-DAD <br><br> <u>Order Denying Motion for Modification or Amendment of Conditions of Supervised Release</u> |

On August 17, 2009, defendant pled guilty to Count 1 of the indictment (Doc. No. 1)in this action, which charged him with violating 18 U.S.C. § 2252(a)(2), the receipt or distribution of material involving the sexual exploitation of minors.  On November 16, 2009, defendant was sentenced to be committed to the custody of the United States Bureau of Prisons (BOP) for a term of 97 months.  (Doc. No. 21 at 2).  Additionally, defendant was sentenced to a term of 180 months of supervised release following his release from imprisonment.  (Doc. No. 21 at 3).  The court imposed thirteen (13) separate standard conditions, as well as eleven (11) special conditions with respect to his supervised release term.  (Doc. No. 21 at 3–4).  On January 8, 2016, defendant filed a motion seeking a modification of his conditions of supervised release pursuant to 18 U.S.C. § 3583(e)(2).  (Doc. No. 25).  Pursuant to Local Rule 430.1, the government was to file and serve an opposition brief, if it intended to file one, within seven days of the above motion.  Local Rule 430.1(d).  Pursuant to Federal Rule of Criminal Procedure 32.1, defendant does not

1

seek a hearing, and none is required because the relief sought is favorable to defendant, does not extend the term of supervised release, and the attorney for the government has received notice, been given an opportunity to object, and has not done so. Fed. R. Crim. P. 32.1(c)(2). As such, no hearing will be held and this court will rule on the motion on the written submissions made.

Defendant seeks modification under 18 U.S.C. § 3583 of Standard Conditions Nos. 1, 2, 3, 4, 9, 10, and 13, and Special Conditions Nos. 1, 4, 5, 6, 7, 8, 9, and 10. (Doc. No. 25). Pursuant to 18 U.S.C. § 3583, this court, "after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7), … may modify, reduce, or enlarge the conditions of supervised release, at any time prior to the expiration or termination of the term of supervised release," pursuant to the appropriate provisions of the Federal Rules of Criminal Procedure. 18 U.S.C. § 3583(e)(2). The factors set out in the above statutory provisions include: (1) the nature and circumstance of the offense and the history and characteristics of the defendant; (2) the need to afford adequate deterrence to criminal conduct; (3) the need to protect the public from further crimes of the defendant; (4) the need to provide the defendant with educational or vocational training, medical care, or other correctional treatment in the most effective manner; (5) the applicable sentencing guidelines and ranges of the United States Sentencing Commission (USSC); (6) the applicable policy statements of the USSC; and (7) the need to provide restitution to any victims of the offense. 18 U.S.C. § 3553(a)(1)–(a)(7).

As the Ninth Circuit has noted, the district court has authority under 18 U.S.C. § 3583(e)(2) to modify the conditions of the defendant's release *only* upon consideration of the enumerated statutory factors set out above. *United States v. Gross*, 307 F.3d 1043, 1044 (9th Cir. 2002). Notably, this court may not modify the conditions of supervised release because a factor is purportedly unlawful, since Congress has limited the manner in which the defendant may challenge the legality of the conditions of his supervised release. *Id.* Thus, a motion under 18 U.S.C. § 3583(e)(2) "may not be used as a backdoor to challenge the legality of a sentence." *Id.* (quoting *United States v. Miller*, 205 F.3d 1098, 1101 n.1 (9th Cir. 2000)). To the extent

/////

/////

defendant wishes to collaterally attack the validity of aspects of his sentence, the statutory vehicle for such claims is 28 U.S.C. § 2255.[1]

Most of defendant's bases for requesting modification claim that the conditions of his supervised release are illegal, alleging — among other claims — that they are overbroad, have chilling effects on the exercise of his constitutional rights, are unduly burdensome, fail to give him sufficient notice, and violate his substantive Due Process rights. (Doc. No. 25). To the extent these claims are based on the purported illegality of the condition of supervised release imposed, this court may not grant the motion made under 18 U.S.C. § 3583(e)(2). *Gross*, 307 F.3d at 1044.

A number of modifications are sought by defendant on bases that do not claim the condition in question is illegal, but seek modification for some other reason. Insofar as these comport with the standards set forth in 18 U.S.C. § 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7), the court may in its discretion modify them. However, as discussed below, here the undersigned declines to do so.

Concerning Standard Condition No. 1, defendant seeks to modify the condition to permit his travel outside of the Eastern District, yet within the state of California, without permission of the court or his probation officer. (Doc. No. 25 at 2–3). Defendant seeks this modification to allow him to visit family and seek employment within California, outside of the Eastern District. As noted below, the court does not establish the judicial district to which defendant will be released to begin serving his term of supervised release. Rather, this is set by the probation office working in consultation with BOP staff. It is therefore possible defendant will not begin supervised release in California. The court finds no reason to modify this condition, both because defendant may not be located in California and because he may already travel outside a given judicial district with the permission of his supervising probation officer.

/////

---

[1] Defendant is advised, however, that he specifically waived his right to collaterally attack the validity of his conviction or sentence under 28 U.S.C. § 2255 and 28 U.S.C. § 2241, pursuant to his plea agreement. (Doc. No. 12 at 3).

3

Concerning Standard Condition No. 2, defendant seeks a more formal definition of the times during which he must report to his probation officer and when he must deliver a report to the probation office. (Doc. No. 25 at 3). The court declines to modify this condition. It is within the purview of the probation office to set its own hours and the procedure by which it will ensure defendant's monthly report is filed.

Concerning Standard Condition No. 4, defendant seeks to have the condition changed to involve more specific language, notably requiring that he "live with his family." (Doc. No. 25 at 4). Additionally, defendant seeks a judicial recommendation that he be transferred for supervision from the Eastern District of California to the Middle District of Georgia for the purpose of reuniting with his children. (Doc. No. 25 at 5). Defendant notes his two minor male children, ages 14 and 17, are currently in custody of the State of Georgia's Division of Family and Children Services, as the children's mother was placed in a psychiatric hospital in March 2015. (Doc. No. 25 at 5).

Defendant seems to be making two separate requests here. To the extent defendant seeks to alter the language of the standard condition to have the court order that he "live with his family," the court declines to do so. While compelling defendant to provide support for any dependents is a reasonable requirement, compelling him to physically live with his family may produce unworkable scenarios. Aside from the immediate difficulty of defining who constitutes defendant's "family," there may be external reasons — such as the dependent children's current placement in the Georgia foster care system — which render it impossible for defendant to physically live with them upon his release from federal custody. Nor does this court wish to be interpreted as ordering state officials, who are regularly tasked with providing for children whose parents are unable to care for them, to allow these children to live with defendant. The issue of whether and when these dependent children should physically reside with defendant is not a question for this court, and is likely better resolved by the state courts of Georgia.

To the extent defendant seeks a transfer of his supervision to the Middle District of Georgia, the court similarly declines to intervene. As noted, decisions concerning which judicial district of supervision the defendant will be assigned to when first released from custody is

1  developed pursuant to a release plan the defendant formulates with assistance of the BOP and
2  submits to the probation office.  Federal Bureau of Prisons, U.S. Department of Justice, Program
3  Statement No. 5321.07, Unit Management Manual, at 12–14 (1999) (*available at*
4  http://www.bop.gov/policy/progstat/5321_007.pdf).  The court does not normally specify to
5  which judicial district a defendant will be released for supervision in its judgment, and it did not
6  do so here.  (Doc. No. 21 at 3) (noting the "defendant must report to the probation office *in the*
7  *district to which the defendant is released*") (emphasis added).  The court will not restrain the
8  discretion of the BOP or the federal probation officers charged with supervising the defendant by
9  directing the judicial district to which defendant will be released.  That said, the court has no
10 doubt the officials charged with making this release decision will consider the appropriateness of
11 releasing defendant to a judicial district proximate to his children and/or other family members.
12    Given the foregoing, defendant's motion for modification or amendment of conditions of
13 supervised release pursuant to 18 U.S.C. § 3583(e)(2) is DENIED.

IT IS SO ORDERED.

Dated:   **January 25, 2016**

*/s/ Dale A. Drozd*

DALE A. DROZD
UNITED STATES DISTRICT JUDGE