UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER LEIGH,<br><br>               Petitioner,<br><br>     v.<br><br>UNITED STATES OF AMERICA,<br><br>               Respondent. | Case No.  1:09-cr-00175-DAD<br><br>ORDER DENYING MOTION TO ALTER OR AMEND A JUDGMENT<br><br>(Doc. Nos. 28, 29) |

Petitioner here has filed a motion to alter or amend the court's order of January 26, 2016 (Doc. No. 27), pursuant to Rule 59(e) of the Federal Civil Procedure Rules.  Petitioner seeks to have the court re-examine its recent ruling on his earlier motion to modify the conditions of his release.  (Doc. Nos. 27, 28.)  Relying on the decision in *United States v. Neal*, 810 F.3d 512 (7th Cir. 2016), petitioner states that "conditions of supervised release may brought 'at any time,'" and that 18 U.S.C. § 3583(e)(2) allows for modifications of supervised release, even if not raised on direct appeal.  Petitioner maintains he is not challenging the legality of the terms of his supervised release, but is rather seeking to obtain clarification and modification of ambiguous terms of his supervised release term.  He notes he has proposed clarifying language to augment the terms of supervised release.  According to this motion, petitioner merely seeks these changes in order to avoid violating his supervised release and asks the court to reconsider its prior order.

/////

First, the court observes Rule 59 is a rule of civil procedure not generally relevant to a criminal proceeding such as this one. *See, e.g.*, *United States v. Meade*, No. 11-51-GVFT, 2015 WL 1649118, at *3 (E.D. Ky. 2015) ("Rules 59(e) and 60(b) are unavailable in criminal proceedings."); *United States v. Ramirez*, No. V-04-082, 2012 WL 5381786, at *3 (S.D. Tex. 2012) ("As a rule of civil procedure, Rule 59(e) has no application to criminal proceedings."). Nevertheless, even assuming it applied here, amendment or alteration under Rule 59(e) is appropriate when: "(1) the district court is presented with newly discovered evidence, (2) the district court committed clear error or made an initial decision that was manifestly unjust, or (3) there is an intervening change in controlling law." *Zimmerman v. City of Oakland*, 255 F.3d 734, 740 (9th Cir. 2001). Petitioner here has not presented new evidence nor pointed to any changes in the controlling law. If anything, he seeks to have the court reconsider its decision as manifestly unjust.

Moreover, the court advises defendant that it did not deny his original motion for modification of his conditions of supervised release because of his timing in bringing that motion. To the extent petitioner sought modification because of the alleged *illegality* of the supervised release conditions, this court may not modify them under 18 U.S.C. § 3583(e)(2), as the court has previously noted. *See United States v. Gross*, 307 F.3d 1043, 1044 (9th Cir. 2002).[1] To the extent petitioner sought modification of the supervised release conditions under other rationales, the court declined to exercise its discretion to adopt petitioner's proposed modifications, for the most part because the relief sought by defendant would have unnecessarily constrained the discretion of the U.S. Probation Office and the U.S. Bureau of Prisons.

/////

---

[1] Petitioner's reliance on the decision in *Neal* is misplaced. As the Seventh Circuit observed in that opinion, the Ninth Circuit has reached a different conclusion concerning the factors a district court may consider when modifying a sentence pursuant to 18 U.S.C. § 3582(e)(2). *See Neal*, 810 F.3d at 518 (noting the different rule in the Second, Fifth, and Ninth Circuits and commenting "[w]e are not persuaded" by this rule). This court is bound by and must follow the precedential opinions of the Ninth Circuit. *Hart v. Massanari*, 266 F.3d 1155, 1175 (9th Cir. 2001) ("A district court bound by circuit authority … has no choice but to follow it, even if convinced that such authority was wrongly decided.")

     Both the standard and special supervised release terms allow for a certain amount of discretion to be exercised by the U.S. Probation Office in supervising petitioner both upon his release from custody and thereafter while on supervised release. This means petitioner may have questions about the precise limits and contours of the restrictions to be imposed during his supervised release until he meets with U.S. Bureau of Prisons officials regarding his release plan or even until he meets with his supervising probation officer upon his actual release. While the court recognizes this may serve as a potential source of apprehension on defendant's part, a certain amount of discretion is necessary for the U.S. Probation Office to perform its appointed duties, and the court will not constrain that discretion unnecessarily.[2] Meanwhile, the court reaffirms its order of January 26, 2016, denying petitioner's motion to modify the conditions of his supervised release. Accordingly, the court DENIES defendant's current motion to alter or amend that order.

     Given the foregoing:

     1. Defendant's motion to alter or amend judgment (Doc. No. 28) is DENIED;

     2. Defendant's "motion of notice to the court of error" (Doc. No. 29) is DENIED as moot;

     3. The Clerk of Court is directed to CLOSE the case;

/////

/////

/////

/////

---

[2] For example, the second standard conditions of supervision - of which petitioner complained in his original motion for modification - requires petitioner to report to his supervised probation officer and submit a truthful and complete written report within the first five days of each month. It does not set the *exact* time he must meet with his probation officer or the *exact* manner or formatting of the report he must submit. These specific details would be improvident for the court to set by order either at the time of sentencing or now, and the court once again declines to do so. The court advises petitioner to ask his supervising probation officer, once assigned, for clarification if he is concerned that any particular activity he seeks to engage in may violate one of the standard or special terms of his supervised release. The court believes many, if not all, of defendant's expressed apprehensions about inadvertently violating the terms of his supervised release should be alleviated in that manner, just as in all other cases.

4. Defendant is advised that no further orders will issue in response to any future filings in this closed case.

IT IS SO ORDERED.

Dated: **March 8, 2016**

_____
UNITED STATES DISTRICT JUDGE